This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42669**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LLOYD EDWARDS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** Defendant appeals from the district court's order denying his motion to suppress. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant continues to assert that the district court erred by denying his motion to suppress statements made to law enforcement officers because he did not voluntarily, knowingly, and intelligently waive his rights pursuant to *Miranda v. Arizona*,

384 U.S. 436 (1966). Defendant maintains that the statements he made to law enforcement officers were not knowingly and intelligently given because he did not have the mental capacity to understand his acts. [MIO 3] Specifically, Defendant points to the fact that, while in the interrogation room, it appeared he was talking to fictitious friends and that he seemed disoriented. [MIO 3]

{3}     In our calendar notice, we proposed to affirm on the grounds that there was no evidence Defendant was subjected to any coercion by the law enforcement officers, and that Defendant answered officers' questions immediately after being advised of his rights and did not indicate he wanted an attorney. [CN 9] We explained that there was no evidence that "Defendant lacked sufficient intelligence due to his mental capacity to understand his rights." Defendant has not provided us with any additional facts, argument, or authority to demonstrate that our calendar notice was erroneous. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     In addition, Defendant continues to assert that he did not respond coherently to whether he understood his rights after they were read to him. [MIO 4] As noted above, Defendant answered officers' questions immediately after being advised of his rights indicating that he understood what was being asked. [CN 9] He told law enforcement that someone else had stabbed his wife, further indicating that he understood why he was being questioned. [CN 9] Defendant has not provided us with any additional facts or argument to demonstrate that he did not understand what his rights were. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. As a result, we conclude that the district court did not err by denying Defendant's motion to suppress.

{5}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{6}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**